UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LINDA DICERBO,

          Plaintiff(s),

vs.

STARWOOD HOTELS & RESORTS WORLDWIDE, INC., et al.,

          Defendant(s).

Case No. 2:12-cv-02098-GMN-NJK

ORDER DENYING MOTION TO TRANSFER CASE
(Docket No. 1)

Pending before the Court is Defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a), which was made as part of the Notice of Removal. Docket No. 1 at 4-5. Plaintiff filed a response and Defendants filed a reply. *See* Docket Nos. 5, 7. Having reviewed the materials presented, the Court finds the motion is properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion to transfer is **DENIED**.

As an initial matter, Plaintiff argues that Defendants waived their ability to request a transfer pursuant to Section 1404(a) by failing to include that request with the answer filed in state court. *See* Response at 4. The Court disagrees. Federal Rule of Civil Procedure 12(h) provides for waiver of various defenses, but it does not apply to a motion to transfer pursuant to Section 1404(a). *See, e.g.*, *Alec L. v. Jackson*, 2011 WL 8583134, *1 n.1 (N.D. Cal. Dec. 6, 2011).

Having found the motion properly before it, the Court turns to the substance of the motion. "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's

choice of forum." *See Editorial Planeta Mexicana, S.A. de C.V. v Argov*, 2012 WL 3027456, *2 (D. Nev. July 23, 2012) (Navarro, J.) (quoting *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). Ruling on a motion to transfer requires a case-by-case analysis that turns on a number of factors. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). For example, courts may consider (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel the attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Editorial Planeta Mexicana*, 2012 WL 3027456, at *2 (quoting *Jones*, 211 F.3d at 498-99).

Defendants' motion is premised on cursory discussion of the relevant factors and vague statements in support of their arguments. Defendants therefore fail to meet their burden of showing a transfer is proper.[1] For example, Defendants note that the hotel managers as well as maintenance and other employees "are undoubtedly based in Colorado. . . . Consequently, the majority of the evidence and fact witnesses will likely be found in Colorado." Mot. at 5. This statement is plainly insufficient to support a transfer. *See, e.g.*, *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007) (with respect to the convenience of the witnesses, the defendant "must name the witnesses, state their location, and explain their testimony and its relevance"). Moreover, as Plaintiff notes in her Response, the majority of likely witnesses are located in Nevada, including Plaintiff's treating physicians, employers, and percipient witnesses. *See* Response at 5-6. Defendants fail to even address these witnesses in the reply brief. The Court finds this factor weighs against transferring this case to Colorado.

---

[1] The factual analysis provided in support of Defendants' motion consists of roughly ten lines of text. *See* Mot. at 5:11-5:20. The reply provides no additional insights, but rather appears to simply repeat verbatim many of the same statements made in the motion. *See* Reply at 4.

1  Defendants next state that "the parties themselves have greater contact with and connection
2 to Colorado than they do to Nevada." Mot. at 5. In support of that position, Defendants assert that
3 their only connection with Nevada is their advertising. *Id.* Defendants fail to take into account that
4 Plaintiff lives in Nevada. Moreover, as demonstrated by Plaintiff, Defendant Starwood Hotels &
5 Resorts Worldwide, Inc. is an actively registered foreign corporation with the Nevada Secretary of
6 State, *see* Response Exh. C, suggesting that its contact with Nevada is more significant than merely
7 advertising here. Again, Defendants fail to respond to this fact in the reply brief. Based on the
8 materials presented, the Court is unable to find that this factor weighs in favor of a transfer.

9  Defendants provide no other discussion of the relevant factors or other explanation why a
10 transfer is otherwise warranted in this case. The Court concludes that Defendants failed to meet
11 their burden of showing that a Section 1404(a) transfer is proper. Accordingly, for the reasons
12 stated above, the motion to transfer is hereby **DENIED**.

IT IS SO ORDERED.

DATED: April 15, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge