UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LINDA DICERBO, et al., | |
| Plaintiff(s), | Case No. 2:12-cv-02098-GMN-NJK |
| vs. | ORDER OUTLINING STANDARDS APPLICABLE TO FUTURE REQUESTS FOR DISCOVERY EXTENSIONS FILED IN THIS CASE |
| STARWOOD HOTELS & RESORTS WORLDWIDE, INC., et al., | |
| Defendant(s). | |

Concurrently herewith, the Court is granting the parties' stipulation to extend discovery deadlines, which they filed at Docket No. 17. That order grants the parties request to extend, *inter alia*, some discovery deadlines that have already passed. The Court grants that request as complying with the standards outlined in the prior scheduling order for seeking extensions. *See* Docket No. 13 at 3. The Court issues this separate order setting the standards for requested extensions filed in this case in the future. In particular, the standard outlined in Docket No. 13 is inconsistent with Local Rule 26-4. Accordingly, any previous orders entered in this case inconsistent with the standards enunciated herein, are hereby **VACATED** to the extent they are inconsistent. The standards enunciated below govern all future requests for extension filed in this matter.

All future requests for extensions must strictly comply with the currently-operative version of Local Rule 26-4. "All motions or stipulations to extend a deadline set forth in a discovery plan shall be received no later than twenty-one (21) days *before expiration of the subject deadline*."

Local Rule 26-4 (emphasis added).  Any motion or stipulation filed before 21 days prior to the expiration of the subject deadline must be supported by a showing of good cause.  *Id.*  Any motion or stipulation filed less than 21 days prior to the expiration of the subject deadline (or after the subject deadline has expired) must be supported by a showing of excusable neglect.  *Id.*

IT IS SO ORDERED.

DATED: June 10, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge